# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:
OLD VILLAGE INN, INC.　　　　　　　　　　　Bankruptcy Case No. 15-51186
*d/b/a* John Cowley & Sons,　　　　　　　　　Honorable Phillip J. Shefferly
　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　　Debtor.
_____/

**MOTION FOR ENTRY OF ORDER (A) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (B) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADEQUATE ASSURANCE**

NOW COME Old Village Inn, Inc. *d/b/a* John Cowley & Sons (the "Debtor"), as debtor and debtor in possession, by and through its counsel, Stevenson & Bullock, P.L.C., hereby requests that this Court enter an Order, substantially in the form attached hereto as Exhibit 1 (A) Deeming Utilities Adequately Assured of Future Payment; (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, and (C) Establishing Procedures for Resolving Requests for Adequate Assurance.

Debtor, in support of its Motion for Entry of Order (A) Deeming Utilities Adequately Assured of Future Payment; (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, and (C) Establishing Procedures for Resolving Requests for Adequate Assurance (the "Motion") hereby states as follows:

## JURISDICTION

1.　　The court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.　　This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3.　　Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4. On July 27, 2015, Debtor filed a voluntary petition (the "Petition Date") in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Also on the Petition Date, Cowley Equipment, LLC and Cowley Investments LLC filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this case and no committee has been appointed or designated.

6. In 1972 the Cowley family acquired the Old Village Inn, Inc. and since that time, it has owned and operated the bar and restaurant. In 2002, the bar was renovated, creating a two (2) story Irish pub offering guests Irish hospitality, great food, and some of the area's best entertainment. Operating on the corner of Grand River Avenue and Farmington Road, in downtown Farmington, Michigan, John Cowley & Sons Irish Pub is an anchor in downtown Farmington and offers guests a unique experience with the blend of a traditional Irish fare made with an American twist.

7. Old Village Inn, Inc. *d/b/a* John Cowley & Sons is the operating entity that operates the bar and restaurant and leases its restaurant equipment from Cowley Equipment, LLC. Cowley Investments, LLC owns the real property commonly known as 33338 Grand River Avenue, Farmington, MI 48336 from which John Cowley & Sons Irish Pub operates.

## RELIEF REQUESTED

8. Utility services are essential to the Debtor's ability to sustain its operations while the Chapter 11 case is pending. In the normal conduct of its business, Debtor incurs utility

expenses for, among other things, electricity, telephone service, internet service, and other communications services in the ordinary course of business through accounts with various utility companies, including AT&T, Consumers Energy, DTE Energy, DirecTV, and Birch Communications. A non-exhaustive list of the names, descriptions, services provided, and addresses of the Utility Companies[1] are attached hereto as Exhibit 6A.

9. Any interruption of utility service to the Debtor's business would be severely disruptive and diminish the Debtor's chances for a successful reorganization. The Debtor's ongoing business operations cannot function without utility services. Should one or more of the Utility Companies refuse or discontinue service, even for a brief period, operations would be severely disrupted. It is therefore critical that the services provided by the Utility Companies continue uninterrupted.

10. The Motion does not seek assumption or rejection of any executory contract under Bankruptcy Code Section 365, and the Debtor reserves the right to claim that any contract with the Utility Companies is or is not an executory contract, as the facts may dictate.

11. Debtor's primary revenue is from operating a local family pub and restaurant. It is essential that its utility services continue uninterrupted so as not to cause interruptions to ordinary business operations. If utility providers are permitted to terminate or disrupt service to the Debtor, the Debtor's primary revenue source would come to a halt, effectively ending the Debtor's opportunity for a successful reorganization.

**A. Adequate Assurance**

---

[1] As stated herein, the term "Utility Companies" is intended for purposes of this Motion only and includes all of the Debtor's utility companies, even those that may have been inadvertently omitted. Conversely, the Debtor reserves the right to take the positions that, notwithstanding their inclusion in this Motion, those providers are not utilities within the meaning of Bankruptcy Code Section 366.

12. Debtor intends to pay, when due, all undisputed post-petition charges for utility services to the Utility Companies from the proceeds of its operations and available cash on hand.

13. The Debtor submits that it will continue to have sufficient funds to pay for post-petition services to the Utility Companies and that the sufficient funds constitute adequate assurance to the Utility Companies.

### B. Adequate Assurance Procedures

14. In light of the severe consequences to the Debtor of any interruption in utility services, but recognizing the right of Utility Companies to evaluate the Debtor's Motion on a case-by-case basis, the Debtor is proposing the following procedures that will enable it to work cooperatively with the Utility Companies in a coordinated manner to resolve consensually adequate assurance issues. The procedures the Debtor proposes to effectuate this result are as follows (the "Adequate Assurance Procedures"):

   a. The Debtor will fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of the Order granting this Motion, which includes the proposed Adequate Assurance Procedures, to each Utility Company within three (3) business days after entry of the Order by this Court;

   b. Any of the Utility Companies seeking adequate assurance from the Debtor in the future in a form not otherwise set forth herein (an "Additional Assurance Request") must make a request in writing, so that it is actually received by counsel for the Debtor and the United States Trustee for the Eastern District of Michigan at the following addresses, respectively:
      i. Stevenson & Bullock, P.L.C., 26100 American Drive, Suite 500, Southfield, MI 48034, Attn.: Charles D. Bullock; and
      ii. The Office of the United States Trustee, 211 W. Fort Street, Suite 700, Detroit, MI 48226

   c. Any Additional Assurance Request must be made and actually received by both the counsel for the Debtor as well as the United States Trustee for the Eastern District of Michigan so that the Request is actually received by the Debtor's counsel, within twenty-five (25) days of the date of the Order granting this Motion (the "Request Deadline").

d. Any Additional Assurance Request must (i) be made in writing; (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any and all account numbers and any security deposits, the pre-petition debt owed on each pre-petition account, and a listing of any deposits, letters of credit or other security securing the Debtor's obligations on such pre-petition accounts; (iii) set forth the location for which utility services are provided; (iv) explain with particularity why the Utility Company believes the adequate assurance set forth in this Motion is not sufficient adequate assurance of future payment.

e. Upon receipt of a timely made Additional Assurance Request, the Debtor shall have sixty (60) days to file a Motion for Determination of Adequate Assurance of Payment (a "Determination Motion") and shall seek a hearing on such motion within twenty (20) days after the filing of the Determination Motion, unless another hearing date is agreed to by the parties or ordered by the Court (a "Determination Hearing").

f. The Debtor may, in its sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of this Court, and may, in connection with any such agreement, in their sole discretion, provide the Utility Company with additional adequate assurance of future payment, including, cash deposits, prepayments, and other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

g. Any Additional Assurance Request received by the Debtor from one of the Utility Companies after the Request Deadline or that is otherwise defective shall be deemed an untimely and invalid Additional Assurance Request, and the requesting utility company shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code.

h. If a Determination Hearing is scheduled in accordance with the procedures identified above, the requesting Utility Company shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code until an order of the Court is entered in connection with such Determination Hearing.

15. The Debtor requests that the Court prohibit the Utility Companies from altering, refusing, or discontinuing services to the Debtor absent the Debtor's failure to comply with the Assurance Procedures.

16. Because uninterrupted utility services are vital to the continued operation of the Debtor's business and, consequently, to the success of the case, the relief requested herein is

absolutely necessary and in the best interests of the Debtor's estate and its creditors. It ensures that the Debtor's business operations will not be disrupted, and provides the Utility Companies and the Debtor with an orderly, fair procedure for resolving disputes regarding adequate assurance of payment.

**BASIS FOR RELIEF**

17. Section 366 of the Bankruptcy Code governs the rights and obligations of the Utility Companies as providers of utility services to the Debtor. It provides in pertinent part:

> (a) Except as provided in subsections (b) and (c) of this section a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for services after such date, on request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

18. The proposed Adequate Assurance Procedures are designed to ensure that the Utility Companies receive the adequate assurance contemplated by Section 366(c) of the Code by providing for a fair and orderly method for processing requests by the Utilities for additional or different adequate assurance or for the Utility Companies to object to the procedures themselves. Without the Adequate Assurance Procedures, the Utility Companies could force the Debtor to address numerous and disorganized requests for adequate assurance at a time when the Debtor needs to focus significant resources on managing its business operations during its transition into Chapter 11.

19. Pursuant to Section 366(b) of the Bankruptcy Code, utilities may alter, refuse, or discontinue service if the debtor does not within twenty (20) days after the date of the relief,

furnish adequate assurance of payment, in the form of a deposit or other security, for service after such date. If the Utility Companies were permitted to terminate services twenty (20) days after the Petition Date, the Debtor might be forced to cease doing business because continued and uninterrupted utility services is absolutely necessary to continue the Debtor's business operations. Any interruption in utility service would cause disruption or delay in the scheduling and completion of business operations; such a result would be disastrous to the interests of the Debtor's estate, creditors, and the Debtor's employees as it would severely damage the Debtor's relationship with its clients.

20. Section 105(a) of the Code provides that this Court possesses the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

21. The Debtor submits that the Utility Companies are adequately assured of payments and no further deposits or other security should be required. Relief similar to that requested herein has been granted by courts in other substantial Chapter 11 cases. See, e.g., *In re Demp*, 22 B.R. 331 (Bankr.E.D.Pa. 1982); *In re Woodland Corp.*, 48 B.R. 623 (Bankr. D.N.M. 1985). Moreover, the rights of the Utility Companies will not be prejudiced should the relief requested herein be granted because, the Utility Companies may seek relief from this Court in the future upon a change in circumstances.

22. For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of the estate.

**NOTICE**

23. Notice of this Motion has been provided to the Office of the United States Trustee, the Debtor's twenty largest unsecured creditors, and the Utility Companies identified in

this Motion.  In light of the nature of the relief requested, the Debtor submits no further notice is necessary.

## NO PRIOR REQUEST

24. No previous motion for the requested relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an Order, in sufficiently the same form as attached hereto as Exhibit 1, granting the relief requested herein and granting the Debtor such other and further relief as may be just.

Dated: July 27, 2015                                        Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com

**OLD VILLAGE INN, INC.**
*d/b/a* John Cowley & Sons

By: /s/ Gregory P. Cowley
Gregory P. Cowley
Responsible Person

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**
OLD VILLAGE INN, INC.　　　　　　　　　　　　　Bankruptcy Case No. 15-51186
*d/b/a* John Cowley & Sons,　　　　　　　　　　　　Honorable Phillip J. Shefferly
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　　Debtor.
_____/

**ORDER (A) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (B) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADEQUATE ASSURANCE**

This matter is before the Court on the Debtor's Motion for Order (A) Deeming Utilities Adequately Assured of Future Payment, (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, and (C) Establishing Procedures for Resolving Requests for Adequate Assurance (the "Motion") filed by Old Village Inn, Inc. *d/b/a* John Cowley & Sons (the "Debtor"). The Court having considered the Motion and finding that it has jurisdiction over this proceeding; that this is a core proceedings; that the service and notice of the Motion was sufficient under the circumstances; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.　　　　The Motion is GRANTED.

2.　　　　Capitalized terms used, but not defined herein, shall have the meanings provided to them in the Motion.

3.　　　　The Debtor is directed to pay on a timely basis, in accordance with is pre-petition practices, all undisputed invoices in respect of post-petition utility services rendered by the Utility Companies to the Debtor.

4. Absent any further order of this Court, utility companies providing services to the Debtor, including but not limited to the Utility Companies, (i) are deemed adequately assured of future payment for post-petition services under Section 366 of the Bankruptcy Code; (ii) shall not alter, refuse, or discontinue service to, or discriminate against, the Debtor, solely on the basis of the commencement of this bankruptcy case or on account of any unpaid invoice for service provided prior to the date that the Debtor filed its voluntary petition (the "Petition Date"); and (iii) shall not require the payment of a deposit or other security in connection or draw down on any existing letter of credit with the Utility Companies continued provision of utility services, including, but not limited to, the furnishing of telephone, electric, gas, water, sewer, waste management, or services of like kind, to the Debtor, provided however, that the Utility Companies may, as a recoupment, apply any pre-petition cash deposit held by the Utility Companies against any pre-petition debt owed by the Debtor.

5. The Debtor shall serve a copy of this Order on the Utility Companies at the addresses included as Exhibit 6A to the Motion by first-class mail within three (3) business days of the entry of this Order.

6. This Order is without prejudice to the rights of any of the Utility Companies to make a written request (an "Additional Assurance Request") for further adequate assurance. Any Utility Company seeking adequate assurance from the Debtor must make an Additional Assurance Request in writing, so that it is actually received by counsel for the Debtor and the United States Trustee for the Eastern District of Michigan at the following addresses, respectively:

- ❖ Stevenson & Bullock, P.L.C., 26100 American Drive, Suite 500, Southfield, MI 48034, Attn.: Charles D. Bullock; and

❖ The Office of the United States Trustee, 211 W. Fort Street, Suite 700, Detroit, MI 48226.

7. Any Additional Assurance Request must be made and actually received by both counsel for the Debtor as well as the United States Trustee for the Eastern District of Michigan so that the Request is actually received by the Debtor's counsel, within twenty-five (25) days of the date of this Order (the "Request Deadline").

8. Any Additional Assurance Request must (i) be made in writing; (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any and all account numbers and any security deposits, the pre-petition debt owed on each pre-petition account, and a listing of any deposits, letters of credit or other security securing the Debtor's obligations on such pre-petition accounts; (iii) set forth the location for which utility services are provided; and (iv) explain with particularity why the Utility Company believes the adequate assurance set forth in the Motion is not sufficient adequate assurance of future payment.

9. Upon receipt of a timely made Additional Assurance Request, the Debtor shall have sixty (60) days to file a Motion for Determination of Adequate Assurance of Payment (a "Determination Motion") and shall seek a hearing on such motion within twenty (20) days after the filing of the Determination Motion, unless another hearing date is agreed to by the parties or ordered by the Court (a "Determination Hearing").

10. The Debtor may, in its sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of this Court, and may, in connection with any such agreement, in their sole discretion, provide the Utility Company with additional adequate assurance of future payment, including, cash deposits, prepayments,

and other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

11. Any Additional Assurance Request received by the Debtor from one of the Utility Companies after the Request Deadline or that is otherwise defective shall be deemed an untimely and/or invalid Additional Assurance Request, and the requesting utility company shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code.

12. If a Determination Hearing is scheduled in accordance with the procedures identified above, the requesting Utility Company shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code until an order of the Court stating otherwise is entered in connection with such Determination Hearing.

13. If any of the Utility Companies is not listed but is subsequently identified by the Debtor, such utility company shall be served with a copy of this Order and be afforded twenty-five (25) days from the date of service to request additional adequate assurance from the Debtor. Any such utility company failing to make a request in compliance with paragraph 5 of this Order within such twenty-five (25) day period shall be deemed adequately assured of payments for post-petition services under Section 366 of the Bankruptcy Code without the provision of a deposit or other security from the Debtor.

14. Substantially contemporaneously with the service of the notice and Order on an additional utility company as described in the preceding paragraph, the Debtor shall file with the Court a supplement to this Order adding the name of the added utility company so served, and this Order will be deemed to apply to such utility company from the date of such service, subject to a later order of the Court on a Motion for Determination.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon their entry.

16. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**
OLD VILLAGE INC., INC.                              Bankruptcy Case No.  15-51186
*d/b/a* John Cowley & Sons,                         Honorable Phillip J. Shefferly
                                                    Chapter 11
                Debtor.
_____/

**NOTICE AND OPPORTUNITY TO OBJECT TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (B) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADEQUATE ASSURANCE**

  The Debtor, by and through its counsel Stevenson & Bullock, P.L.C., has filed a Motion for Entry of an Order (A) Deeming Utilities Adequately Assured of Future Payment; (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, and (C) Establishing Procedures for Resolving Requests for Adequate Assurance.

  **Your rights may be affected.  You may wish to review the Motion and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

  If you wish to object to the Court granting the relief sought in the Motion, or if you want the Court to otherwise consider your views on the Motion, within fourteen (14) days of service of the Motion, **or such shorter time as the Court may hereafter order**, you or your attorney must:

1. File with the Court a written response or an answer[2], explaining your position at:

    United States Bankruptcy Court
    211 West Fort Street
    Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.
  You must also mail a copy to:
    Stevenson & Bullock, P.L.C.
    Attn.: Charles D. Bullock
    26100 American Drive, Suite 500
    Southfield, Michigan 48034

    -and-

    Office of the United States Trustee

---

[2] Response or answer must comply with FED.R.CIV.P. 8(b), (c), and (e).

211 West Fort Street, Suite 700
Detroit, Michigan 48226

      If a response or answer is timely filed and served, the clerk may schedule a hearing on the Motion and you will be served with a notice of the date, time, and location of the hearing.

      If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting the relief sought therein.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com

Dated: July 27, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**
OLD VILLAGE INN, INC.                            Bankruptcy Case No. 15-51186
*d/b/a* John Cowley & Sons,                    Honorable Phillip J. Shefferly
                                                             Chapter 11
                Debtor.
_____/

## CERTIFICATE OF SERVICE

Charles D. Bullock certifies that on the 27th day of July, 2015 that a copy of the **Motion for Entry of an Order (A) Deeming Utilities Adequately Assured of Future Payment; (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, and (C) Establishing Procedures for Resolving Requests for Adequate Assurance, Proposed Order, Notice,** and this **Certificate of Service** was served upon all parties listed below, electronically and/or by depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

| OFFICE OF THE U.S. TRUSTEE | Old Village Inn, Inc.<br>33338 Grand River<br>Farmington, MI 48336 |
|---|---|
| Cowley Equipment, LLC<br>33338 Grand River<br>Farmington, MI 48336 | Cowley Investments, LLC<br>33338 Grand River<br>Farmington, MI 48336 |
| DTE Energy<br>One Energy Plaza<br>Detroit, MI 48226-1221 | DirecTV<br>P.O. Box 78626<br>Phoenix, AZ 85062-8626 |
| Birch Communications<br>320 Interstate North Parkway SE<br>Atlanta, GA 30339 | AT&T<br>PO Box 6463<br>Carol Stream, IL 60197-6463 |
| Consumers Energy<br>Lansing, MI 48937 | |

In addition, a copy of the **Notice of Motion for Entry of an Order (A) Deeming Utilities Adequately Assured of Future Payment; (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, and (C) Establishing Procedures for Resolving Requests for Adequate Assurance** to each and every party listed on the Debtor's matrix obtained from PACER on the 27th day of July, 2015 which are attached hereto.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com

Dated: July 27, 2015

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-2<br>Case 15-51186-pjs<br>Eastern District of Michigan<br>Detroit<br>Mon Jul 27 15:14:02 EDT 2015 | ASCAP<br>2690 Cumberland Parkway, Suite 490<br>Atlanta, GA 30339-3913 | Accident Fund<br>P.O. Box 77000<br>Dept. 77125<br>Detroit, MI 48277-0125 |
| American Express Business<br>Box 0001<br>Los Angeles, CA 90096-8000 | American Plumbing, Heating & Cooling<br>44626 Morley Drive<br>Clinton Township, MI 48036-1358 | American Society of Composers, Authors a<br>PO Box 331608-7515<br>Nashville, TN 37203-9998 |
| BMI<br>PO Box 630893<br>Cincinnati, OH 45263-0893 | Birch Communications<br>320 Interstate North Parkway, SE<br>Atlanta, GA 30339-2213 | Charles D. Bullock<br>Stevenson & Bullock, P.L.C.<br>26100 American Drive<br>Suite 500<br>Southfield, MI 48034-6184 |
| CYR Electric LLC<br>3279 Southf Milford Rd<br>Highland, MI 48357 | City of Farmington Treasurer<br>23600 Liberty Street<br>Farmington, MI 48335-3572 | City of Farmington Water Department<br>23600 Liberty Street<br>Farmington, MI 48335-3575 |
| Cowley Equipment, LLC<br>c/o Greg Cowley, resident agent<br>33338 Grand River<br>Farmington, MI 48336-3124 | Cowley Equipment, LLC<br>c/o Gregory P. Cowley<br>33338 Grand River<br>Farmington, MI 48336-3124 | Cowley Investments, LLC<br>c/o Greg Cowley, resident agent<br>33338 Grand River<br>Farmington, MI 48336-3124 |
| DTE Energy<br>One Energy Plaza<br>Detroit, MI 48226-1221 | (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | Eco Lab<br>28550 Cabot Dr., #100<br>Novi, MI 48377-2988 |
| Edible Wow<br>PO Box 2302<br>Mullett Lake, MI 49761 | Edible Wow<br>PO Box 257<br>Birmingham, MI 48012-0257 | Greg Cowley<br>23818 Wilmarth<br>Farmington, MI 48335-3475 |
| John A. Cowley Living Trust<br>23818 Wilmarth<br>Farmington, MI 48335-3475 | Keiper Mechanical, Inc.<br>31041 Schoolcraft Rd., Ste. A<br>Livonia, MI 48150-2026 | Mary B. Cowley Living Trust<br>35905 Smithfield<br>Farmington, MI 48335-3150 |
| Maureen Cowley<br>23818 Wilmarth<br>Farmington, MI 48335-3475 | Metzler, Locricchio & Serra<br>1800 W. Big Beaver, ste. 100<br>Troy, MI 48084-3519 | Michael Cowley<br>24270 Farmington Rd<br>Farmington, MI 48336-1708 |
| Michigan Department of Treasury<br>Collections/Bankruptcy Unit<br>P.O. Box 30168<br>Lansing, MI 48909-7668 | Old Village Inn, Inc.<br>33338 Grand River<br>Farmington, MI 48336-3124 | Penning Group<br>39555 Orchard Hill Place, Ste. 600<br>Novi, MI 48375-5381 |

| | | |
|---|---|---|
| Pucket, Clement & Schellenberg, PC<br>1111 W Long Lake Rd<br>Troy, MI 48098-6333 | Rewards Network<br>2 North Riverside Plaza, Ste. 200<br>Chicago, IL 60606-2677 | SESAC<br>55 Music Square East<br>Nashville, TN 37203-4362 |
| State of Michigan<br>Department of Attorney General<br>Cadillac Place<br>3030 West Grand Boulevard<br>Detroit, MI 48202-6030 | State of Michigan<br>Department of Treasury<br>Collections Division<br>Treasury Building<br>Lansing, MI 48922-0001 | State of Michigan<br>Department of Treasury<br>P.O. Box 77437<br>Detroit, MI 48277-0437 |
| State of Michigan<br>Withholding tax<br>P.O. Box 77003<br>Detroit, MI 48277-0003 | Sysco<br>41600 Van Born Rd<br>Canton, MI 48188-2746 | Talmer Bank & Trust<br>2301 West Big Beaver Rd., Ste. 525<br>Troy, MI 48084-3320 |
| Thyssen Krupp Elevator<br>35432 Industrial Rd,<br>Livonia, MI 48150-1223 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Direct TV
P.O. Box 78626
Phoenix, AZ 85062-8626

End of Label Matrix
Mailable recipients   39
Bypassed recipients    0
Total                 39

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**
OLD VILLAGE INN, INC.  Bankruptcy Case No. 15-51186
*d/b/a* John Cowley & Sons,  Honorable Phillip J. Shefferly
  Chapter 11
  Debtor.
_____/

## EXHIBIT 6A

| UTILITY NAME | SERVICES | APPX. AMOUNT OWED |
|---|---|---|
| DTE Energy | Electrical | $2,551.16 |
| DirecTV | Television | $270.98 |
| Birch Communications | Phone and Internet | $459.93 |
| AT&T | Telecommunications | $0.00 |
| Consumers Energy | Gas | $0.00 |